# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHOSEN ONE JAMIMANI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROBERT B. DIENER, et al., ) <br> ) <br> Defendants. ) | Civil Action No. 12-10201-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**  May 16, 2012

For the reasons set forth below, the Court: (1) allows plaintiff's Motion to Proceed *in forma pauperis*; (2) denies without prejudice the motion for appointment of counsel; (3) allows the motions to amend the complaint; (4) directs that this action shall be dismissed unless plaintiff files one comprehensive amended complaint curing the pleading deficiencies noted herein; and (5) orders that no summonses or subpoenas shall issue until further Order of the Court.

## BACKGROUND

On February 2, 2012, Plaintiff Chosen One Jamimani, a self-described homeless minister, filed a handwritten complaint seeking 39 trillion dollars for allegedly being persecuted for his religious beliefs. His complaint consists primarily of a listing of the names of the four defendants [President Obama, Governor Patrick, Mayor Menino and Dr. Diener at Bridgewater State Hospital] as well as factual allegations that can be found in a paragraph that reads as follows:

> The above named defendants chose to ignore [plaintiff's] pain + suffering thus becoming [derelict] in their dutys (sic) as officers of the Commonwealth and the U.S. Constitution. The petitioner has been denied housing, employment, liberty due to unholy members of the Commonwealth bringing untrue allegations into court from 1972 - 2012 and defaming [plaintiff's] character as the (Holy Minister) which resulted in beatings, torture, with malice

and forethought (in plain view) causing pain + suffering of the worst kind to be visited upon him.

See Complaint, page 2.

On February 7, 2012, plaintiff filed his first motion to amend, see Docket No. 5, in which he seeks to add the allegation that "the Commonwealth has defamed [plaintiff's] character with (Defamation of Character) by saying he suffers with mental illness and in doing so testing the (faith of his religion of the Icnhe Metitte Throne) thereby using him as a human guinea pig in mental, physical, spiritual, emotional medical experiments of (socialology (sic) engineering ) thereby afflicting him with extreme pain and suffering." See Am. Compl., page 2.

On February 28, 2012, plaintiff filed his second motion to amend, see Docket No. 6, in which he seeks compensation from the pharmaceutical company that produced Risperdone because of the severe side effects he suffered when it was administered to him by the Commonwealth in August 2010 and November 2011. See Sec. Am. Compl.

## DISCUSSION

### I. Motion to Proceed In Forma Pauperis

Plaintiff filed a Motion to Proceed *in forma pauperis* stating that he is homeless and that his sole source of income is from MassHealth. On this record, the Motion to Proceed *in forma pauperis* is granted.

### II. Review

Because plaintiff seeks to file this action without prepayment of the filing fee, the Court will review his complaint to determine if it satisfies the substantive requirements of the federal in forma pauperis statute. See 28 U.S.C. § 1915. Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an

arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

### III. The Complaint is Subject to Dismissal

In conducting this review, the Court reads plaintiff's complaint and motions to amend with "an extra degree of solicitude," Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir.1991), due to his *pro se* status, see id.; see also Strahan v. Coxe, 127 F.3d 155, 158 n.l (1st Cir. 1997) (noting obligation to construe pro se pleadings liberally) (citing Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-96 (1972)). In large measure, the complaint is incomprehensible and fails to comply with the pleading requirements of the Federal Rules of Civil Procedure.

Plaintiff has not complied with Rule 8(a) of the Federal Rules of Civil Procedure. Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). Here, plaintiff names four defendants in the complaint. In his motions to amend, he seeks to add the Commonwealth and an unidentified pharmaceutical company as defendants. However, he merely lists the defendants and has not alleged sufficient facts concerning any of these defendants.

To the extent plaintiff seeks to assert a civil rights claim, Section 1983 requires three elements for liability: deprivation of a right, a causal connection between the actor and the deprivation, and state action. See 42 U.S.C. § 1983.

A. The Claims Against the Mayor, Governor and President

The Mayor, as well as the President and Governor, cannot be liable under Section 1983 solely because they may have employed Dr. Diener. A plaintiff must plead the personal involvement of each defendant in a violation of Section 1983 because there is no respondeat superior liability in Section 1983 cases. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The law in this Circuit before Iqbal was that a plaintiff may state a claim against a supervisory defendant in a Section 1983 case by depicting "a scenario that would permit a fact-based inference that [the supervisory defendants] were guilty of 'conduct that amount[ed] to condonation or tacit authorization' of wrongdoing." Rogan v. Menino, 175 F.3d 75, 78 (1st Cir. 1999) (citations omitted).

Plaintiff has not identified any specific actions taken by Mayor Menino, nor the Governor or President. See Feliciano v. DuBois, 846 F.Supp. 1033, 1045 (D. Mass. 1994) ("[A] defendant supervisor cannot be held liable for the constitutional violations of a subordinate merely by virtue of the defendant's status as supervisor"). Thus, the claims against the Mayor, Governor[1] and President are subject to dismissal.

B. The Claims Against Dr. Diener

The Eighth Amendment prohibits Cruel and Unusual Punishment and "embodies broad and

---

[1] The doctrine of sovereign immunity precludes plaintiff's claims against Deval Patrick, as Governor of Massachusetts. Plaintiff has failed to establish a sufficient connection between any actions taken by him and the harms alleged.

idealistic concepts of dignity, civilized standards, humanity, and decency . . . ." Estelle v. Gamble, 429 U.S. 97, 102 (1976) (internal quotation and citation omitted). The "wanton" infliction of pain, meaning the unnecessary infliction of pain on a prisoner, either intentionally or because of deliberate indifference of the responsible prison official, violates the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 834 (1994). In order to state an Eighth Amendment claim based on medical care, an inmate must allege that the official responsible for his care has intentionally ignored a serious medical need or has been deliberately indifferent to it.

To the extent plaintiff alleges that Dr. Diener ignored, and/or caused, his pain and suffering, he has failed to state a claim under Section 1983. Courts consistently have refused to create constitutional claims out of disagreements between prisoners and doctors about the proper course of a prisoner's medical treatment or to conclude that simple medical malpractice rises to the level of cruel and unusual punishment. See e.g. Estelle v. Gamble, 429 U.S. 97, 106 (1976); DesRosiers v. Moran, 949 F.2d 15, 19 (1st Cir. 1991) (same). Only "deliberate indifference" to the serious medical needs of prisoners violates the Eighth Amendment. Estelle, 429 U.S. at 106. Deliberate indifference is "conduct that offends evolving standards of decency in a civilized society." DesRosiers, 949 F.2d at 18 (citations omitted). Here, plaintiff has failed to sufficiently allege facts demonstrating that Dr. Diener has been "deliberately indifferent" to a medical need.

      C.     Claim Against Unidentified Pharmaceutical Company

In his Second Motion to Amend, plaintiff seeks to assert a claim against the company that produced Risperdone because of the severe side effects that he suffered in 2010 and 2011. See Docket No. 6. It is not entirely clear whether Plaintiff intends to set forth a claim based on the failure to warn or some other theory of liability. In order to fully pursue his claim against the

5

producer of Risperdone, he will need to discover the name of the manufacturer and then set forth sufficient facts to state a products liability claim. In the products liability area, courts have routinely held that a manufacturer of a drug has a duty to warn physicians, and in some cases, warn patients, about the dangers of the administration of a drug. See <u>In re Neurontin Marketing, Sales Practices and Products Liability Litigation</u>, 618 F. Supp. 2d 96, 110 (D. Mass. 2009) (citations omitted). Plaintiff will be granted an opportunity to file an amended complaint which includes the name of the now-unidentified company as well as the factual allegations against the company.

IV.     <u>Conclusion</u>

Here, the original complaint and motions to amend fail to comply with the pleading requirements of the Federal Rules of Civil Procedure and fails to state a civil rights claim under 42 U.S.C. § 1983. Instead of dismissing the complaint immediately, the Court will permit plaintiff to file a comprehensive Amended Complaint curing the pleading deficiencies noted herein within 35 days of this Order. If plaintiff elects to do this, the amended complaint must comport with the requirements of Rule 8(a) and for every defendant that he names, he must identify particular misconduct by that defendant. If no comprehensive amended complaint is filed, this case will be dismissed for the reasons stated above.

**ORDER**

Accordingly, it is hereby ORDERED that:

1)      The motion (Docket No. 2) for leave to proceed *in forma pauperis* is granted;

2)      The motion (Docket No. 3) for appointment of counsel is denied without prejudice;

3)      The motions (Docket Nos. 5, 6) to amend the complaint are allowed;

4)      If Plaintiff wishes to proceed with this action, he must, within 35 days of the date of this Order, file an Amended Complaint curing the pleading deficiencies noted herein.

If he fails to do so, this case will be dismissed for reasons stated above; and

5) No summonses or subpoenas shall issue pending further Order of the Court.

**SO ORDERED.**

                                                    /s/ Denise J. Casper
                                                Denise J. Casper
                                                United States District Judge